UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )        2:21-CR-00021-DCLC-CRW
                             )
      v.                     )
                             )
JEFFREY SCOTT BREWINGTON, JR., )
                             )
            Defendant.       )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Jeffrey Scott Brewington's *pro se* motion seeking a reduction in sentence pursuant to Amendment 821 [Doc. 41] and *pro se* motion for compassionate release [Doc. 45]. The Federal Defender Services of Eastern Tennessee has reviewed Defendant's case and determined that it will not file supplemental motions regarding either motion at this time [Docs. 43, 49]. The United States (the "Government") responded in opposition to both motions [Docs. 44, 50]. For the reasons stated herein, Defendant's motions are **DENIED**.

I.      **BACKGROUND**

In 2012, Defendant pleaded guilty to one count of conspiracy to distribute multiple controlled substances and one count of possession of a firearm in furtherance of that drug trafficking offense. [Doc. 1-2]. On October 22, 2012, the district court in the Western District of Virginia sentenced Defendant to a total term of 120 months' imprisonment, followed by a five-year term of supervised release. [*Id.*]. In 2019, Defendant applied for compassionate release, asserting that his mother was incapacitated and could not care for his minor child. [Docs. 50-1; 1-

1

3, pg. 10]. The district court granted this request on May 11, 2020, reducing Defendant's sentence to time served and amending the conditions of his supervised release. [*Id.* at 11]. Within six months, Defendant violated the terms of his release, having allegedly assaulted his mother and threatened to burn down her residence "with everyone inside including his own daughter." [Doc. 50-2]. Following his arrest for this offense, the court revoked his supervised release and sentenced him to three months' imprisonment, followed by three years of supervised release. [*Id.*].

Upon release from this term of imprisonment, Defendant's supervision was transferred to this Court. [Doc. 1]. That supervision began on March 4, 2021. By June 8, 2021, Defendant again violated the conditions of his supervision after he tested positive for methamphetamine and was dishonest with his probation officer regarding his drug use. [Doc. 2]. Revocation proceedings commenced, and at Defendant's July 15, 2021 detention hearing, he told the court that he was proactively addressing his addiction by going to crisis stabilization, completing inpatient drug treatment, and gaining admission to a rehabilitation facility. [Doc. 9]. Due to Defendant's initiative in seeking treatment and transitional housing, the Magistrate Judge released him on furlough. [*Id.*]. Over the next few days, his probation officer discovered that Defendant had repeatedly lied to the Court and the United States Probation Office and had altered the treatment records he had provided. [Doc. 11]. In August 2021, the Court revoked his supervised release and imposed an agreed-upon term of 18 months' imprisonment followed by two years of supervised release. [Doc. 14].

Defendant completed the term of imprisonment and began his supervision on November 16, 2022. In March 2024, the Court again revoked his supervision, this time due to his failure to report law enforcement contact to his probation officer, his admitted methamphetamine use, and an attempt to use a device to falsify his drug screen. [Docs. 16, 29]. The Court imposed a term of

39 months' imprisonment with no supervised release to follow. [*Id.*]. During this period of imprisonment, Defendant filed the instant motions to reduce his sentence. [Docs. 41, 45].

Before the Court could rule on these motions, Defendant escaped from custody. On June 2, 2026, Defendant tampered with and removed his GPS monitor and ran out of the fire escape door at the halfway house where he was completing the final few months of his sentence. [Doc. 50-3]. A grand jury returned a one count indictment for escape on June 9, 2026, and Defendant was arrested on June 17, 2026. His escape charge is currently pending in case 2:26-cr-00051-DCLC-CRW. Because Defendant has been returned to custody, the Court will now consider his pending motions.

## II. MOTION FOR REDUCTION IN SENTENCE UNDER AMENDMENT 821

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Sentencing Commission has established that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced," which bars courts from applying "a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, cmt. n.8(A). Because Defendant seeks a reduction in his term of imprisonment imposed upon the revocation of his supervised release, the Court is not authorized to reduce his sentence pursuant to § 3582(c)(2) and Amendment 821.

3

In the motion, Defendant also asks the Court to "correct 7 months [he] never was credited at time of sentencing for [his] revocation." [Doc. 41]. This request must also be denied as this Court lacks authority to award or calculate sentence credit for time served. The power to grant such credit rests with the Attorney General, acting through the Bureau of Prisons. *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (internal citations omitted); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons."). While a sentencing court may make nonbinding recommendations, it may not compute or award credit for time served.

If Defendant believes the Bureau of Prisons has miscalculated his sentence credits, his remedy lies first in the Bureau's Administrative Remedy Program. *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, et seq.). Only after exhausting those administrative remedies may Defendant seek judicial review through a petition under 28 U.S.C. § 2241.

For these reasons, Defendant's motion seeking a reduction in sentence pursuant to Amendment 821 [Doc. 41] is **DENIED**.

## III. MOTION FOR COMPASSIONATE RELEASE

### A. Legal Standard

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are

4

applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).

Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

**B. Analysis**

There are two fundamental issues with Defendant's motion. First, Defendant's motion is unsigned, which presents an issue under Fed. R. Crim. P. 49(b)(4). Under this rule, every written

5

motion must be signed by either an attorney or the movant themselves if they are acting *pro se*. Fed. R. Crim. P. 49(b)(4). When a court receives an unsigned motion, it "must strike" it, "unless the omission is promptly corrected after being called to the attorney's or person's attention." *Id*. Ordinarily, the Court would direct Defendant to resubmit the motion with his signature, but as the second issue with the motion forecloses Defendant's requested relief, the Court will instead consider the motion now.

The second issue is, even assuming that there are extraordinary and compelling reasons warranting compassionate release, the § 3553(a) factors do not support compassionate release. Defendant was granted compassionate release from his original sentence in 2020, and he quickly abused the district court's decision to grant him that relief by assaulting his incapacitated mother and threatening to burn down her home with his minor daughter inside. In the instant motion, Defendant again seeks compassionate release in part due to the incapacity of his mother and the need to care for his minor daughter. In light of the previous incident, it appears that granting compassionate release would place his mother and daughter's lives in more danger. One of the § 3553(a) factors the Court may consider is whether the sentence imposed will protect the public from further crimes of the Defendant. § 3553(a)(2)(c). The 39-month sentence imposed here would protect his family from future crimes for the duration of that sentence.

The Court must also consider whether releasing Defendant at this time would reflect the seriousness of his most recent supervision violations or provide just punishment. It would not. On two prior occasions, when Defendant was given shorter sentences of incarceration, he quickly violated the terms of his supervision upon release. A longer sentence is necessary here to deter him from committing future crimes. Defendant escaped from his halfway house placement only six months before the end of his sentence, after having spent most of the past fourteen years in and

6

out of prison for repeated supervision violations. While incarcerated, Defendant incurred multiple disciplinary sanctions, with the most recent incident occurring in October 2024 for fighting with another person. Defendant cannot take his desire for release into his own hands by escaping custody and then expect the Court to grant him compassionate release. Defendant has not demonstrated any attempt at rehabilitation, and granting compassionate release would be inapposite to the relevant § 3553(a) factors.

Courts may deny compassionate release under the § 3553(a) factors even if "extraordinary and compelling" reasons would otherwise justify relief. *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (citing cases); *see Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where the district court found for the sake of argument that an extraordinary and compelling circumstance existed in defendant's case but that the § 3553(a) factors counseled against granting compassionate release). That result is warranted here. Accordingly, the motion for compassionate release [Doc. 45] is **DENIED**.

IV.     **CONCLUSION**

For the reasons stated herein, Defendant's motion seeking a reduction in sentence pursuant to Amendment 821 [Doc. 41] and motion for compassionate release [Doc. 45] are both **DENIED**.

        **SO ORDERED:**


                                s/ Clifton L. Corker
                                United States District Judge


7